PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Whiting, S.J.

IRVIN E. COLEMAN

OPINION BY
v. Record No. 000143       SENIOR JUSTICE HENRY H. WHITING
                                    January 12, 2001
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

I

In this appeal, we decide whether the defendant's convictions and punishments for the malicious wounding and attempted murder of the same victim subjected the defendant to double jeopardy in violation of the Fifth Amendment to the federal constitution.

II

A jury in the City of Petersburg convicted Irvin E. Coleman of the attempted murder, robbery, and malicious wounding of Reginald O. Vincent and of three charges of displaying or using a firearm while in the course of committing the first three felonies. The circuit court entered judgment on the verdicts and imposed the jury recommended sentences totaling 46 years, to be served consecutively.

On appeal, Coleman's convictions were affirmed in an unpublished memorandum opinion by the Court of Appeals, one judge dissenting. Coleman v. Commonwealth, Record No. 2871-92-2 (July 20, 1999). On a hearing by that Court en banc, the

convictions were affirmed by an equally divided court, one judge concurring in the result.  Coleman v. Commonwealth, Record No. 2871-92-2 (December 21, 1999).  Coleman appeals.

III

A

In accordance with well-established appellate principles, we will state the evidence in the light most favorable to the Commonwealth, the party prevailing in the trial court.  The following dispositive evidence appears in the testimony of Vincent, the victim.

Following Coleman's armed robbery of Vincent in the bathroom of Vincent's apartment in the City of Petersburg, Coleman ordered Vincent to push his trousers down around his ankles and Coleman "slowly back[ed] up."  After Coleman "got round the corner," Vincent pulled his trousers up, and went toward the front room where he heard Coleman.  When Vincent stepped "out of the door," the two men were about eight feet apart, and Coleman started shooting at Vincent.  As Vincent was "trying to get to" Coleman, Coleman shot him several times in the arms and legs and finally knocked Vincent to the floor with a sixth shot, which was to his groin.  As Vincent lay face down on the kitchen floor, "ten seconds went past, and there was nothing said, no movement."  Vincent thought "it was all over."

2

Coleman, however, walked over to Vincent's recumbent body, "straddled" it and "put the gun right at [Vincent's] neck," and then shot him a seventh time. After Vincent heard Coleman exit the apartment, Vincent, though disabled by his wounds, was able to leave the apartment, attract attention, and get help.

B

The circuit court and the Court of Appeals concluded that the defendant's acts of shooting the victim six times in the arms and legs were separate and distinct from the defendant's acts, ten seconds later, of walking over to the victim's body and shooting the victim in the head. The defendant contends that (1) the evidence established that his conduct constituted one continuous act and (2) the crime of attempted murder is a lesser included offense of malicious wounding, and, therefore, he is entitled to the benefit of the double jeopardy provisions contained in the Fifth Amendment to the United States Constitution.[1] As pertinent, this amendment provides that "no person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const. amend. V. The Commonwealth responds that the defendant was convicted of separate and distinct criminal offenses, and, therefore, he was

---

[1] Contrary to the Commonwealth's assertions, the defendant raised this issue in the trial court, and, therefore, the issue is not procedurally barred.

not "twice put in jeopardy" in contravention of the Fifth Amendment.

We review the following basic principles in considering the defense of double jeopardy before considering the argument of the parties. The Fifth Amendment guarantees protection against a second prosecution for the same offense after either an acquittal or a conviction of that offense and against multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415 (1980); North Carolina v. Pearce, 395 U.S. 711, 717 (1969); Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981). Because this appeal concerns convictions of malicious wounding and attempted murder occurring in a single trial, " 'the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' " Payne v. Commonwealth of Virginia, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)).

In the prosecution for two crimes in the same trial, the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act, and (b) the two punishments are either for the same crime or one punishment is for a crime which is a lesser included offense of the other. See Brown v. Ohio, 432 U.S. at 169-70.

4

Without deciding, we will assume the evidence established that defendant's course of conduct was a continuous act, as the defendant contends.  See id. at 169.  Since the two convictions of malicious wounding and attempted murder occurred in a single trial, we must decide whether the trial court exceeded "its legislative authorization by imposing multiple punishments for the same offense."  Payne, 257 Va. at 227, 509 S.E.2d at 300.  When "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each [offense charged] requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review.  Blythe, 222 Va. at 726-27, 284 S.E.2d at 798-799 (citing Whalen v. United States, 445 U.S. 684, 694 n.8 (1980)).  Looking at the elements of the two crimes in the abstract, the parties agree the required proof that the defendant shot, stabbed, cut, or wounded the victim for a malicious wounding conviction is not required for an attempted murder conviction.  They disagree, however, whether the proof of a specific intent to kill required in an attempted murder case,

5

<u>Merritt v. Commonwealth</u>, 164 Va. 653, 660, 180 S.E. 395, 398 (1935), is also required in a malicious wounding case.

Contrary to the Commonwealth's position, the defendant contends that such proof is required. In considering the crime in the abstract, the defendant overlooks the plain language of the malicious wounding statute, which describes the required intent as that of "the intent to maim, disfigure, disable, <u>or</u> kill." Code § 18.2-51 (emphasis added). Noting the use of the disjunctive "or" in the statute, we agree with the Commonwealth that a malicious wounding charge does not require proof of the specific intent to kill. Thus, each of the convictions involved in this appeal contains required elements of proof not contained in the other conviction as required in the <u>Blockburger</u> test.

The defendant, relying upon <u>Brown v. Commonwealth</u>, 222 Va. 111, 279 S.E.2d 142 (1981), asserts that "attempted murder and malicious wounding convictions cannot arise from one transaction." The defendant's reliance is misplaced. In <u>Brown</u>, the defendant was indicted for attempted murder and malicious wounding. The jury, however, convicted him of assault and battery under an indictment charging attempted murder and of unlawful wounding under an indictment charging malicious wounding. On appeal, this Court held that it was improper for the jury to return a verdict finding the defendant guilty of assault and battery under the indictment charging attempted

6

murder.  Assault and battery and unlawful wounding each are lesser included offenses of malicious wounding.  Therefore, the defendant's conviction for unlawful wounding barred his further conviction "of all other offenses of a higher grade and of any lesser included offense encompassed by the malicious wounding indictment."  We reversed the assault and battery conviction and dismissed the indictment charging the defendant with attempted murder.  Id. at 116, 279 S.E.2d at 145-46.

Additionally, defendant relies on the following statement in Brown v. Commonwealth, 222 Va. at 116, 279 S.E.2d at 145-146:

> It is our conclusion that the court should have instructed the jury that if it found the defendant guilty under either the indictment which charged attempted murder or that which charged malicious wounding, it should not consider further the other indictment.

In Brown, the parties apparently agreed that assault and battery was a lesser-included offense of attempted murder since there was no apparent objection to the jury verdict form permitting such a finding.  The parties were wrong.  Since assault and battery requires proof of a battery, it is not a lesser-included offense of attempted murder.  See Jones v. Commonwealth, 218 Va. 757, 759, 240 S.E.2d 658, 660, cert. denied, 435 U.S. 909

7

(1978)(if second offense contains element of proof not contained in first offense, second offense not lesser-included offense).[2]

We decline to apply the quoted language from Brown in the broad manner suggested by the defendant.  We regard it as limited to the issue erroneously framed by the parties in Brown.

We reject the defendant's contention that an attempted murder in which there was a wounding is a lesser-included crime of malicious wounding under the Blockburger test.  This contention is based upon the particular facts of this specific case and not upon a consideration of the crimes in the abstract, which, as we have noted, is the manner in which we apply the Blockburger test.  In sum, we conclude that a malicious wounding charge does not require the element of a specific intent to kill as is required in an attempted murder charge and thus satisfies the Blockburger test in this case as a matter of law.

Even though attempted murder is not a lesser-included offense of malicious wounding, as we have held, the defendant argues that the lighter punishment specified by the legislature for an attempted murder conviction than that for a malicious wounding conviction indicates a legislative intent "to distinguish attempted murders which resulted in significant

---

[2] The same principle applies in comparing the offenses of malicious wounding and attempted murder, as we have noted earlier in this opinion.

bodily harm to the victim from other attempted murders."  He cites, and we find, no authority in support of this statement.

For all the above reasons, the judgment of the Court of Appeals will be

Affirmed.