COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


CHAD ROBERT SHAFFER

MEMORANDUM OPINION[*] BY
v.    Record No. 0735-01-3         JUDGE LARRY G. ELDER
                                     DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Melissa W. Friedman (Anthony F. Anderson, on
brief), for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Randolph A. Beales, Attorney General,
on brief), for appellee.


Chad Robert Shaffer (appellant) appeals from his bench trial

conviction for attempted carnal knowledge in violation of Code

§§ 18.2-26 and 18.2-63.[1]  On appeal, he contends the evidence was

insufficient to support his conviction or, in the alternative,

that his conviction for attempted carnal knowledge simultaneously

with his conviction for object sexual penetration in violation of

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Appellant also was convicted for object sexual penetration
in violation of Code § 18.2-67.2.  In his petition for appeal,
appellant challenged the trial court's denial of his motion for a
new trial based on after-discovered evidence related to that
offense, but he conceded the sufficiency of the evidence to
support that conviction.  We denied his petition for appeal as to
that conviction and consider it only indirectly in this appeal.

Code § 18.2-67.2 constituted double jeopardy. The Commonwealth contends this appeal is barred by Rule 5A:18 because appellant failed to raise these issues in the trial court. The record confirms that appellant failed to raise these issues in the trial court, and the ends of justice exception to Rule 5A:18 does not support our consideration of these claimed errors on the merits. Therefore, we affirm appellant's conviction.

Pursuant to Rule 5A:18, this Court will not consider allegations of trial court error as a basis for reversal where appellant failed to register a timely objection, except for good cause shown or to attain the ends of justice. Rule 5A:18 applies to both constitutional and non-constitutional error. See Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). Where an appellant makes a general objection to the sufficiency of the evidence that "[does] not specify in what respects [appellant] considered the evidence to be insufficient to prove [the charged offense,] . . . the issue of whether the evidence was insufficient to prove a particular [unmentioned] element of the offense [is] not properly preserved." Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).

Here, appellant's motion to strike and closing argument challenged only the credibility of the victim. Appellant did not contend the victim's testimony, if believed, was insufficient to support a finding of intent to engage in one of the acts proscribed by Code § 18.2-63, "sexual intercourse, cunnilingus,

-

fellatio, anallingus, anal intercourse, [or] animate [or] inanimate object sexual penetration." He also did not contend that evidence of the completed crime of animate object sexual penetration could not be used to support his conviction for the attempted carnal knowledge offense. Finally, he did not contend that use of evidence of the same act of object sexual penetration to support both convictions would constitute double jeopardy.

Nor does the ends of justice exception require us to consider these issues on appeal. To invoke the ends of justice exception, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage [of justice] might have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). To satisfy this burden, an appellant must show "more than that the Commonwealth failed to prove an element of the offense . . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur." Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73.

In this case, although appellant moved to strike, he failed to specifically assert that the evidence was insufficient to prove a particular element of the offense, i.e., an intent to engage in "sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, [or] animate [or] inanimate object sexual

-

penetration."  Even assuming the evidence of the <u>completed</u> act of object sexual penetration would not support the conviction for <u>attempted</u> carnal knowledge, the evidence does not <u>disprove</u> that appellant acted with some other proscribed intent.  For example, the evidence did not prove appellant did not act with an intent to engage in "sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, [or] . . . inanimate object sexual penetration."  It also did not prove appellant did not act with an intent to commit an additional act of animate object sexual penetration beyond the completed act which supported his separate conviction for object penetration in violation of Code § 18.2-67.2.  Thus, the evidence does not prove that an element of the offense did not occur, and the ends of justice exception does not apply.[2]

For these reasons, we hold that appellant failed to preserve his claims of error for appeal and that the ends of justice exception to Rule 5A:18 does not support our consideration of the claimed errors.  Therefore, we affirm the challenged conviction.

<u>Affirmed.</u>

---

[2] Because the record does not establish that the attempted carnal knowledge conviction was based on an intent to commit the completed act upon which the object sexual penetration conviction was based, we need not consider appellant's double jeopardy claim under the ends of justice exception.  <u>See</u> <u>Coleman v. Commonwealth</u>, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001) ("In the prosecution for two crimes in the same trial, the double jeopardy defense does not apply unless . . . <u>the defendant is twice punished for one criminal act</u> . . . ." (emphasis added)).

-