BENTON, J.,
concurring.
Code § 18.2-63 provides that the term “carnal knowledge” includes acts of sexual intercourse, cunnilingus, fellatio, annallingus, anal intercourse, animate object sexual penetration, or inanimate object sexual penetration. Prior to the trial, Rags-dale did not file a motion for a bill of particulars seeking to learn what act of carnal knowledge the Commonwealth intended to prove. The sole contention raised by Ragsdale’s pretrial plea of double jeopardy was the claim that “to try [him] on the present indictment would constitute double jeopardy and a denial of his rights under the Constitution.” At the argument on the motion, the prosecutor asserted that carnal knowledge could be proved by evidence of one of various sexual acts under Code § 18.2-63.
For purposes of double jeopardy, “the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not.” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180,182, 76 L.Ed. 306 (1932). Applying this test in Whalen v. United States, 445 U.S. 684, 100 S.Ct. *431 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court noted that although courts should not look to the facts as alleged in the indictments, id. at 694 n. 8, 100 S.Ct. 1432, courts should look at the elements of the offense as alleged in the indictments. Thus, in Whalen, the Supreme Court ruled as follows:
In this case, resort to the Blockburger rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that “each provision requires proof of a fact which the other does not.” A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape. The Government contends that felony murder and rape are not the “same” offense under Blockburger, since the former offense does not in all cases require proof of a rape; that is, [the felony murder statute] proscribes the killing of another person in the course of committing rape or robbery or kidnapping or arson, etc. Where the offense to be proved does not include proof of a rape—for example, where the offense is a killing in the perpetration of a robbery—the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under Blockburger. In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it. To the extent that the Government’s argument persuades us that the matter is not *432 entirely free of doubt, the doubt must be resolved in favor of lenity.
445 U.S. at 693-94, 100 S.Ct. 1432 (citations and footnote omitted).
The Supreme Court of Virginia has held that, “[i]n applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review.” Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). The Supreme Court’s decision in Coleman appears, in its application of the test, to be at odds with Whalen because Coleman requires that we look at “the use of the disjunctive ‘or’ in the statute” as creating hypothetical alternatives within one statute, see 261 Va. at 200, 539 S.E.2d at 734, rather than the actuality of distinct statutes with each having one of the disjunctive elements. See Whalen, 445 U.S. at 694, 100 S.Ct. 1432 (rejecting the Government’s argument that “felony murder and rape are not the ‘same’ offense under Blockburger, since the former offense does not in all cases require proof of a rape”). Indeed, “the teaching of Whalen ” clearly is that “the construction of the statute should be in terms of the actuality and not in terms of hypothetical but not genuine possibilities.” United States v. Barrington, 662 F.2d 1046, 1052 (4th Cir.1981).
When I apply the Coleman reasoning to this case, I conclude that, although rape requires proof of sexual intercourse under Code § 18.2-61 and carnal knowledge may be proved by sexual intercourse under Code § 18.2-63, carnal knowledge does not require proof of sexual intercourse (i.e., it also may be proved by either of six other sexual acts). Thus viewed, the carnal knowledge statute cannot be deemed a lesser-included offense of the rape. For these reasons, I concur in affirming the conviction.
I also would summarily note that after the Commonwealth’s evidence established that the act it was relying on to prove carnal knowledge was the same act that gave rise to the rape indictment, no motion was made to strike pursuant to Code § 19.2-243, alleging that the conviction was merely the same *433 charge earlier dismissed because the Commonwealth violated Code § 19.2-243. Thus, we need not decide that issue.