ELDER, J.,
concurring, in part, and dissenting, in part:
I would hold that James Darrell West properly preserved Ms double jeopardy argument for appeal and that the imposition of pumshment for both common law involuntary manslaughter and aggravated involuntary manslaughter pursuant to Code § 18.2-36.1(B) violated double jeopardy prmciples under the facts of tMs case. To the extent the majority concludes the evidence was sufficient to support West’s remaining convictions, for aggravated involuntary manslaughter and driving while intoxicated, I concur in that portion of the opinion. Thus, I would reverse the conviction for involuntary manslaughter and affirm the convictions for aggravated involuntary manslaughter and driving while intoxicated.
I.
PRESERVATION OF DOUBLE JEOPARDY CLAIM FOR APPEAL
Rule 5A:18 provides that “[n]o ruling of the trial court ... will be considered as a basis for reversal unless the objection *345 was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.”
The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.
Ohree v. Commonwealth, 26 Va.App. 299, 307, 494 S.E.2d 484, 488 (1998). A party must raise the claimed error with sufficient specificity to allow the trial court to act. Campbell v. Commonwealth, 12 Va.App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). A trial court “is not required to search for objections which counsel have not discovered.” Darnell v. Commonwealth, 12 Va.App. 948, 952-53, 408 S.E.2d 540, 542 (1991).
Here, the Commonwealth first raised the double jeopardy issue at trial, arguing as follows:
[Tjhere is the intoxication evidence, there is the evidence of gross negligence, so I believe the evidence is sufficient for an aggravated [involuntary] manslaughter [conviction]. Judge, the laws in Virginia, it’s not double jeopardy for aggravated [involuntary] manslaughter and a DUI. And, unfortunately, and I think it’s, it’s just the way the law is written, it does not appear that involuntary manslaughter is a lesser included offense of aggravated [involuntary] manslaughter. And for, I guess for appeal reasons, legal reasons, although there probably ought to be a lesser included offense, I think the way the statute is written, it’s not, I would ask that he be convicted of that as well for appeal purposes.
Although appellant’s counsel made no response at trial to the Commonwealth’s position, he made a specific objection at the sentencing hearing, which I would hold, read in light of the Commonwealth’s prior argument, was sufficient to preserve *346 the double jeopardy issue for appeal. Appellant’s counsel argued as follows at sentencing:
Judge, I don’t think the Commonwealth should just throw this up to the Court and say, okay, we think the aggravated [involuntary] manslaughter and involuntary manslaughter [is for] the Court of Appeals [to] decide.
We would request the Commonwealth make an election to begin with of which theory they were proceeding under. Now, they want you to make a decision and knowing full well of whatever you do, you’re going to get reversed on one of them. And that’s not a very good position to put this Court in and [appellant] because they should have made an election at some point in time of whether they wanted to go with involuntary or the aggravated [involuntary] manslaughter. And I would ask you to reconsider striking the aggravated [involuntary] manslaughter and just go on the involuntary manslaughter.
Appellant’s objection was specific enough to alert the trial court to the basis for his objection, and he was not required to use the words, “double jeopardy,” or to cite any particular provision of Code § 18.2-36.1 in order to preserve this issue for appeal. See Lash v. County of Henrico, 14 Va.App. 926, 929, 421 S.E.2d 851, 853 (1992) (en banc) (holding Rule 5A:18 “does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial”); cf. Martin v. Commonwealth, 13 Va.App. 524, 529-30, 414 S.E.2d 401, 404-05 (1992) (en banc) (holding that tendering of assault instruction in attempted capital murder case was sufficient under Rule 5A:18 to “alert the trial judge and the Commonwealth that simple assault is a lesser-included offense of attempted capital murder and [that the defendant believed] sufficient evidence supported granting the instruction”). To hold otherwise would be to elevate form over substance.
Appellant’s objection at the sentencing hearing also was sufficiently timely to preserve the issue for appeal. The simultaneous prosecution of a single defendant for two crimes arising out of the same criminal act does not implicate double *347 jeopardy principles unless a court imposes multiple punishments for offenses that constitute the same crime. See Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001); Turner v. Commonwealth, 221 Va. 513, 529-30, 273 S.E.2d 36, 46-47 (1980); see also discussion, infra, Part II. Thus, double jeopardy did not become an issue until appellant was sentenced for the two crimes.
For these reasons, I would hold the double jeopardy issue is properly before us on appeal.
II.
MERITS OF DOUBLE JEOPARDY CLAIM
In the context of a single trial, “the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act, and (b) [either] the two punishments are ... for the same crime or one punishment is for a crime which is a lesser included offense of the other,” Coleman, 261 Va. at 200, 539 S.E.2d at 734 (referring to Blockburger test, see Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), as test for “determin[ing] whether there are two offenses or only one” and which, in order to do so, considers “whether each [offense charged] requires proof of an additional fact which the other does not”), and (c) the legislature did not intend to authorize such multiple punishments, see Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999). Thus, double jeopardy principles permit simultaneous prosecution for a primary offense and a lesser-included offense arising from the same criminal act but prohibit the imposition of sentence for both offenses unless the legislature intended to authorize multiple punishments. See Turner, 221 Va. at 529-30, 273 S.E.2d at 46-47.
Here, appellant’s convictions for common law involuntary manslaughter and aggravated involuntary manslaughter as defined in Code § 18.2-36.1(B) were based on the same act of criminally negligent driving and were rendered in the same proceeding. Although the punishments imposed as a result of those convictions were not for the same crime, I would hold *348 the common law crime of involuntary manslaughter is lesser included in the statutory crime of aggravated involuntary manslaughter and, thus, that we must examine whether the legislature nevertheless intended to authorize multiple punishments for the same criminal act.
“A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense.” Kauffmann v. Commonwealth, 8 Va.App. 400, 409, 382 S.E.2d 279, 283 (1989). “The determination of what offenses are necessarily included lesser offenses ... is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case____” Taylor v. Commonwealth, 11 Va.App. 649, 652, 400 S.E.2d 794, 795 (1991).
A conviction for common law involuntary manslaughter requires proof of an accidental death proximately caused by an act of criminal negligence. Cable v. Commonwealth, 243 Va. 236, 240, 415 S.E.2d 218, 220 (1992); see Dalo v. Commonwealth, 37 Va.App. 156, 167, 554 S.E.2d 705, 710 (2001), aff'd, 264 Va. 431, 570 S.E.2d 840 (2002), cert. denied, 538 U.S. 924, 123 S.Ct. 1594, 155 L.Ed.2d 316 (2003). A conviction for aggravated involuntary manslaughter as defined in Code § 18.2-36.1(B) requires proof of an accidental death proximately caused by an act of criminal negligence “resulting from] driving under the influence in violation of clause (ii), (iii), or (iv) of § 18.2-266 or any local ordinance substantially similar thereto.” Code § 18.2-36.1; Dalo, 37 Va.App. at 167 n. 6, 554 S.E.2d at 710 n. 6 (noting that a conviction under Code § 18.2-36.1(B), which requires proof that “the conduct of the defendant was so gross, wanton and culpable as to show a reckless disregard for human life,” requires proof of criminal negligence). Thus, the elements of common law involuntary manslaughter are entirely subsumed in the statutory crime of aggravated involuntary manslaughter, which requires proof of the additional element that the death was caused by the act of driving under the influence in violation of the specified subsections of Code § 18.2-266.
*349 Although involuntary manslaughter is lesser included in aggravated involuntary manslaughter, the imposition of punishments for these two crimes in the same proceeding does not violate double jeopardy principles if the legislature intended to authorize multiple punishments:
“ ‘There is nothing in the Constitution which prevents [the legislature] from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction.’ ... [T]he Blockburger rale is not controlling when the legislative intent is clear from the face of the statute or the legislative history.”
Dab, 37 Va.App. at 163, 554 S.E.2d at 708 (quoting Garrett v. United States, 471 U.S. 773, 778-79, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985) (quoting Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 254, 71 L.Ed. 505 (1927))).
Here, the language used in Code § 18.2-36.1(C) expresses the legislature’s intent in defining the statutory crime of aggravated involuntary manslaughter. Subsection (C) states that “[t]he provisions of this section shall not preclude prosecution under any other homicide statute.” Code § 18.2-36.1(C) (emphasis added). This language is subject to multiple interpretations, all of which are consistent with one another but which do not include an expression of intent to override traditional double jeopardy principles.
The first set of interpretations involves the legislature’s use of the word “prosecution” in Code § 18.2-36.1(C). One interpretation is that the very existence of the statute defining the offense of aggravated involuntary manslaughter does not require the Commonwealth to charge a defendant with aggravated involuntary manslaughter just because the death at issue resulted from an act of drunken driving that amounted to criminal negligence. Another interpretation is that the legislature intended to permit the Commonwealth to initiate simultaneous prosecutions for aggravated involuntary manslaughter and any other statutory homicide offense stemming from the same act of criminally negligent driving. i However, although *350 the statute permits prosecution under multiple statutes, it does not express a legislative intent to override the double jeopardy principle prohibiting the imposition of multiple punishments for the same offense, i.e., a primary offense and one lesser included within it. See Coleman, 261 Va. at 200, 539 S.E.2d at 734; Turner, 221 Va. at 529-30, 273 S.E.2d at 46-47. Thus, I would hold the Commonwealth may simultaneously prosecute an individual for aggravated involuntary manslaughter and a lesser-included offense but double jeopardy protections prevent it from imposing multiple punishments for those crimes because (1) they constitute only one offense and (2) the legislature has not clearly expressed an intent to permit the imposition of multiple punishments. Cf. Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 343 (1999) (recognizing legislature knows difference between “prosecution” and “conviction” by noting former jeopardy provisions of Code § 19.2-294 provide that “[i]f the same act be a violation of two or more statutes ..., conviction under one of such statutes ... shall be a bar to a prosecution or proceeding under the other or others” and holding that “if the legislature had intended that the statutory bar apply to ... felony cases [tried] in the circuit court [after the resolution in district court of misdemeanor charges arising out of the same act], it would have provided that a conviction for a criminal offense arising out of one act would bar a later conviction for another offense arising out of the same act”).
A second set of interpretations involves the legislature’s statement that the “provisions of [Code § 18.2-36.1] shall not preclude prosecution under any other homicide statute.” Code § 18.2-36.1(C) (emphasis added). Thus, even if Code § 18.2-36.1(C) could be construed to permit multiple punishments rather than merely multiple prosecutions for the same offense, its authorization of multiple punishments applies only to punishments rendered for convictions under other “homicide statutes.” Code § 18.2-36.1(C) (emphasis added). This authorization would not apply to simultaneous punishment for ordinary involuntary manslaughter because it is a common law offense. The mere fact that a statute fixes the punishment for *351 a common law crime does not transform that offense into a statutory crime. See Weaver v. Commonwealth, 25 Va.App. 95, 99-100 & n. 1, 486 S.E.2d 558, 560 & n. 1 (1997) (applying principle in context of Code § 19.2-294, which covers only statutory offenses). Although Code § 18.2-36 fixes the range of punishment for ordinary involuntary manslaughter, it remains a common law crime.
Because involuntary manslaughter is lesser included in aggravated involuntary manslaughter as defined in Code § 18.2-36.1 and the legislature has not expressed an intent to authorize multiple punishments for one criminal act that constitutes both involuntary manslaughter and aggravated involuntary manslaughter, I would hold the imposition of punishment for both offenses violated double jeopardy principles under the facts of this case.
III.
For these reasons, I would hold that West properly preserved his double jeopardy argument for appeal and that the imposition of punishment for both common law involuntary manslaughter and aggravated involuntary manslaughter pursuant to Code § 18.2-36.1(B) violated double jeopardy principles under the facts of this case. As the Commonwealth acknowledges, the remedy for such an error is “to vacate both the conviction and sentence of the lesser included offense while leaving in place the conviction and sentence on the greater offense.” Buchanan v. Commonwealth, 238 Va. 389, 415, 384 S.E.2d 757, 772 (1989). To the extent the majority concludes the evidence was sufficient to support West’s remaining convictions, for aggravated involuntary manslaughter and driving while intoxicated, I concur in that portion of the opinion. Thus, I would reverse the conviction for involuntary manslaughter and affirm the convictions for aggravated involuntary manslaughter and driving while intoxicated.