BENTON, J.,
concurring.
Kelly Logan delivered marijuana to a prisoner and was convicted of the misdemeanor of possessing marijuana in violation of Code § 18.2-250.1. At a later trial, she was convicted of the felony of delivering that same marijuana to a prisoner in violation of Code § 18.2-474.1. Logan contends that her conviction for possession of marijuana is a lesser-included offense of her second conviction for delivering marijuana to a prisoner. Thus, she contends that the felony conviction violates the double jeopardy protection against being twice punished for the same act.
For purposes of double jeopardy, “the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not.” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Applying this test in Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court noted that although courts should not look to the facts as alleged in the indictments, id. at 694 n. 8, 100 S.Ct. at 1439 n. 8, courts should look at the elements of the offense as alleged in the indictments. Thus, in Whalen, the Supreme Court ruled as follows:
*509 In this case, resort to the Blockburger rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that “each provision requires proof of a fact which the other does not.” A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape. The Government contends that felony murder and rape are not the “same” offense under Blockburger, since the former offense does not in all cases require proof of a rape; that is, [the felony murder statute] proscribes the killing of another person in the course of committing rape or robbery or kidnapping or arson, etc. Where the offense to be proved does not include proof of a rape—for example, where the offense is a killing in the perpetration of a robbery—the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under Blockburger. In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it. To the extent that the Government’s argument persuades us that the matter is not entirely free of doubt, the doubt must be resolved in favor of lenity.
445 U.S. at 693-94, 100 S.Ct. at 1439 (citations and footnote omitted).
When I apply the Supreme Court of Virginia’s reasoning in Coleman v. Commonwealth, 261 Va. 196, 200-01, 539 S.E.2d 732, 734 (2001), which appears to be at variance with Whalen, *510 I must conclude that in this case, although a conviction under Code § 18.2-250.1 requires proof of possession of marijuana and a conviction under Code § 18.2-474.1 may be proved by delivery of marijuana (and, thus, necessarily possession), the latter conviction does not require proof of possession (i.e., it also may be proved by an attempt to deliver or conspiracy to deliver, which was not the proof in this case). Thus viewed, the possession of marijuana cannot be deemed a lesser-included offense of Code § 18.2-474.1. For these reasons, I concur in affirming the conviction.