COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Senior Judge Coleman
Argued at Alexandria, Virginia


ANTHONY LEMONTEZ KING, JR.

                                                            OPINION BY
v.        Record No. 0451-09-4                     JUDGE ROBERT P. FRANK
                                                            APRIL 27, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
John Richard Alderman, Judge Designate

James J. Ilijevich for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Anthony L. King, Jr., appellant, was convicted in a bench trial of a number of felonies,

including two that are subject to this appeal, namely, child abuse, in violation of Code

§ 18.2-371.1(A), and child endangerment, in violation of Code § 40.1-103(A). On appeal, he

contends that the trial court, by convicting him of both these offenses, twice put him in jeopardy

for committing the same offense.[1] For the reasons stated, we affirm the judgment of the trial

court.

BACKGROUND

        Because the sufficiency of the evidence is not before us, we recite only those facts

necessary to analyze whether there has been a double jeopardy violation.

        Appellant is the father of K.W. ("the baby"), born on February 25, 2008. Appellant did

not live with the baby's mother, R.W. On April 23, 2009, appellant visited the baby at R.W.'s

_____
        [1] Appellant does not contest the sufficiency of the evidence.

residence. Later that evening, appellant told R.W. that the baby was not breathing. A paramedic arrived at the scene and observed that the baby had no heartbeat and was not breathing. The baby was ultimately transported to a Richmond hospital. A CT scan revealed blood in the baby's brain. The symptoms indicated that the baby's injuries were not accidental, but resulted from shaken baby syndrome. K.W.'s thighbone was also shattered, which was caused by a "rotational type force." The baby died on April 29, 2008.

Appellant gave conflicting explanations as to the source of the baby's injuries. He admitted to a detective that he was "responsible for the whole thing" but he did not remember the specifics of what happened. At one point, appellant said he was holding the baby, hugging and kissing her, and the next thing he knew, she was not breathing. He later said the baby fell out of his arms and landed on her back.

Dr. Kevin Whaley, an assistant chief medical examiner, performed the autopsy. He noticed no external wounds or signs of trauma to the baby's head, but discovered a hemorrhage in her brain, consistent with a strong blow to the head. He also observed swelling of the brain. He opined that the baby died by blunt force trauma.

The trial court convicted appellant of all of the charged felonies, including the two on appeal before this Court.

This appeal follows.

<u>ANALYSIS</u>

Appellant contends his convictions for child abuse and child endangerment violate the Double Jeopardy Clause. Specifically, he argues he was improperly convicted and punished twice for committing one offense.

Our inquiry is whether the convictions and punishment for child abuse and child endangerment, both of which arose from the injuries to and death of one victim, violate the

double jeopardy provision of the Fifth Amendment of the United States Constitution. In pertinent part, this amendment states that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

"This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999).

Because this appeal concerns convictions for child abuse and child endangerment that occurred during one trial, our double jeopardy analysis is limited on appeal to the third guarantee. In such a case, where both of the defendant's convictions occurred in a single trial, "'the only relevant constitutional guarantee is protection against multiple punishments for the same offense.'" Payne v. Commonwealth, 277 Va. 531, 540, 674 S.E.2d 835, 839 (2009) (quoting Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797-98 (1981)).

We will assume, without deciding, that the evidence established appellant's course of conduct was a continuous act.[2] Because the two convictions occurred in a single trial, we must decide whether the trial court exceeded "'its legislative authorization by imposing multiple punishments for the same offense.'" Payne, 257 Va. at 227, 509 S.E.2d at 300 (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)).

> In the prosecution for two crimes in the same trial, the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act, *and* (b) the two punishments are either for the same crime or one punishment is for a crime which is a lesser included offense of the other. See Brown v. Ohio, 432 U.S. at 169-70.

---

[2] However, the record strongly suggests there were two distinct criminal acts, in which appellant 1) caused a fatal head injury to the baby and 2) broke the baby's leg.

Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001) (emphasis in original).

The two relevant statutes make it clear that the legislature intended to create two distinct offenses, child abuse and child endangerment. Appellant's actions violated these statutes, so we must consider the rule enunciated in Blockburger v. United States, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. "In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review." Coleman, 261 Va. at 200, 539 S.E.2d at 734 (citing Blythe, 222 Va. at 726-27, 284 S.E.2d at 798-99).

An analysis of whether the multiple punishments imposed upon appellant are proper requires a determination of what punishments the legislature intended to impose. Thus, we must first examine the statutes under which the defendant was convicted.

Code § 18.2-371.1(A) (child abuse) provides:

> Any parent, guardian, or other person responsible for the care of a child under the age of 18 who by willful act or omission or refusal to provide any necessary care for the child's health causes or permits serious injury to the life or health of such child shall be guilty of a Class 4 felony. For purposes of this subsection, "serious injury" shall include but not be limited to (i) disfigurement, (ii) a fracture, (iii) a severe burn or laceration, (iv) mutilation, (v) maiming, (vi) forced ingestion of dangerous substances, or (vii) life-threatening internal injuries.

Code § 40.1-103(A) (child endangerment) provides:

> It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered, or to cause or permit such child to be overworked,

tortured, tormented, mutilated, beaten or cruelly treated. Any person violating this section shall be guilty of a Class 6 felony.

The child abuse and child endangerment statutes proscribe different conduct. Each contains proof of a fact that the other does not. Child abuse requires serious injury to the life or health of a child. Child endangerment does not require serious injury, or any injury at all. In fact, the statute requires only that the child be placed at risk of danger. On the other hand, child endangerment, but not child abuse, requires that the child's life, health, or morals be endangered.[3] Endangerment of a child's moral well-being is not a violation of the child abuse statute; the latter is limited to a child's physical well-being.

Because we find that each statute requires proof of additional facts not found in the other, therefore constituting two distinct offenses, there is no double jeopardy violation.

CONCLUSION

Child abuse and child endangerment are not the same offense, nor is one a lesser-included offense of the other. We find no error in the trial court's rejection of appellant's double jeopardy argument. Therefore, we affirm.

Affirmed.

---

[3] This Court invalidated part of Code § 40.1-103(A) for vagueness, specifically, use of the word "may." See Commonwealth v. Carter, 21 Va. App. 150, 462 S.E.2d 582 (1995). However, that does not change the statute's focus on the protection of a child's life, health, or moral well-being and does not affect our analysis or ruling.