## Charlottesville

CLAYTON MOTORS, a/k/a TONY SURRELL,

a/k/a BERNARD LIGHTFOOT

v.

COMMONWEALTH OF VIRGINIA

No. 0643-91-2

Decided May 19, 1992

COUNSEL

Andrea C. Long (David E. Boone; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from convictions in a single trial of larceny, robbery and use of a firearm in commission of the robbery. The issue is whether the defendant was twice placed in jeopardy because he was convicted of larceny of the same property that he took during the course of the robbery for which he was also convicted. We conclude that, because larceny is a lesser included offense of robbery, double jeopardy barred his conviction for both offenses and we must reverse his conviction for larceny.

The offenses occurred at a convenience store. The defendant entered the store and asked the clerk for two $300 money orders. After the clerk had prepared the orders, she asked the defendant for the money to pay for them. The defendant responded by opening his coat, and the clerk saw a wooden handle of a gun protruding from his waistband. The defendant ordered the clerk to give him the money orders and then forced her into a back room. The

defendant was convicted of robbery and larceny of the money orders, having a value in excess of $200.

The double jeopardy prohibition of the United States Constitution protects against multiple punishments for the same offense. *Woodfin v. Commonwealth*, 236 Va. 89, 96, 372 S.E.2d 377, 381 (1988), *cert. denied*, 490 U.S. 1009 (1989); *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 627, 401 S.E.2d 208, 210, *aff'd on reh'g en banc*, 13 Va. App. 281, 411 S.E.2d 228 (1991). Convictions for two offenses are prohibited if the two offenses involved are identical or if one of the offenses is a lesser included offense of the other. *Martin v. Commonwealth*, 221 Va. 720, 722, 273 S.E.2d 778, 780 (1981). Where a defendant is charged with robbery and larceny based upon "distinct and separate acts" which do "not involve the same theft," a defendant is not twice put in jeopardy for the same offense. *Id.* at 726, 273 S.E.2d at 782; *see also Jones v. Commonwealth*, 218 Va. 757, 761, 240 S.E.2d 658, 661, *cert. denied*, 439 U.S. 892 (1978). However, if the robbery and the larceny are based upon the same identical theft, proof of the larceny is necessarily included in proving the robbery. *Martin*, 221 Va. at 723, 273 S.E.2d at 780-81.

The Commonwealth, relying on *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987), and *Smith v. Cox*, 435 F.2d 453, 456-57 (4th Cir. 1970), *vacated sub nom. Slayton v. Smith*, 404 U.S. 53 (1971), argues that grand larceny is not a lesser included offense of robbery. Virginia law, however, is to the contrary. *Martin*, 221 Va. at 723, 273 S.E.2d at 780-81; *Jones*, 218 Va. at 759, 240 S.E.2d at 660.

"[T]heft is an essential component of robbery and charged as such in every robbery indictment." *Jones*, 218 Va. at 759, 240 S.E.2d at 660. A robbery indictment, therefore, "includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery." *Id.* at 760, 240 S.E.2d at 660; *see also Martin*, 221 Va. at 723, 273 S.E.2d at 780-81.

The larceny, however, must be based on the same theft as that which underlies the robbery. If not, the larceny and the robbery are based on "distinct and separate acts" and conviction of one does not bar conviction of the other. *Martin*, 221 Va. at 726, 273 S.E.2d at 782. Whether the robbery and the larceny are

based on the same theft may be determined by comparing the two indictments. *Jones*, 218 Va. at 759-60, 240 S.E.2d at 660-61. However, this fact may not always be determined from the indictments, and it may be necessary to examine the evidence. *Martin*, 221 Va. at 725-26, 273 S.E.2d at 782.

In this case, a comparison of the indictments resolves the question. The indictment for larceny alleged that the defendant took "American Express Money Orders . . . belonging to Kiren Mehra." The indictment for robbery alleged that the defendant robbed "Kiren Mehra of American Express Money Orders." At trial, the evidence proved only that the defendant had robbed Ms. Mehra, the convenience store employee, of two $300 money orders.

The theft of money orders was the basis for the robbery conviction as well as the larceny conviction. The larceny offense, therefore, was included within the offense of robbery, and the constitutional prohibition against double jeopardy protects the defendant from being convicted of both offenses. Where a defendant is convicted in a single trial of a lesser included offense and the greater offense, we must vacate the conviction of the lesser included offense. *Buchanan v. Commonwealth*, 238 Va. 389, 415, 384 S.E.2d 757, 772 (1989), *cert. denied*, 493 U.S. 1063 (1990).

For these reasons, we reverse the judgment of conviction for grand larceny and dismiss the indictment.

*Reversed and dismissed.*

Benton, J., and Duff, J., concurred.