UPON REHEARING EN BANC
WALTER S. FELTON, JR., Judge.
This matter comes before the Court on a rehearing en banc from a panel decision, Hudgins v. Commonwealth, 40 Va.App. 1, 577 S.E.2d 505 (2003). In that decision, a divided panel held that Tarik H. Hudgins’s acquittal on a prior robbery indictment acted as a bar to his subsequent indictment and prosecution for grand larceny from the person based on the same theft. Reversing his conviction, the panel held that collateral estoppel protections of the Double Jeopardy Clause barred the Commonwealth’s subsequent attempt to convict Hudgins of grand larceny from the person of the same property from the same victim.[1]
Upon rehearing en banc, we hold that Hudgins’s acquittal on the robbery indictment acted as an acquittal of the lesser-included offense of larceny and that the Double Jeopardy Clause barred the Commonwealth’s subsequent attempt to *224 convict appellant of grand larceny from the person of that same bicycle from the person of the same victim. To the extent that the holding in Graves v. Commonwealth, 21 Va. App. 161, 462 S.E.2d 902 (1995), aff'd on reh’g en banc, 22 Va.App. 262, 468 S.E.2d 710 (1996), is in conflict with our decision here, we overrule that holding. Accordingly, we reverse the conviction and dismiss the indictment.
I.
BACKGROUND
On October 1, 2000, Hudgins pushed an eleven-year-old boy (the victim) from his bicycle and took the bicycle from him.
On February 28, 2001, the grand jury returned an indictment charging that, “On or about Sunday, October 1, 2000,” Hudgins “did rob [the victim] of U.S. Currency or other personal property, in violation of Code § 18.2-58.” The value of the property taken was not alleged in the indictment. In a bench trial on March 16, 2001, Hudgins was tried on the robbery indictment and acquitted of robbery. The record of the present trial reflects that before acquitting Hudgins of robbery, the trial court had indicated its belief that the evidence was sufficient to support a conviction for larceny from the person, but that it could not convict Hudgins of that offense because larceny from the person was not a lesser-included offense of robbery. See Graves, 21 Va.App. at 166, 462 S.E.2d at 904 (holding that grand larceny from the person was not a lesser offense included within the robbery specification of the indictment).
The record does not reflect whether the Commonwealth asked the trial court to find Hudgins guilty of larceny of the bicycle or whether, in reliance on our holding in Graves, the trial court concluded the Commonwealth could seek a subsequent indictment for grand larceny from the person. Whatever the Commonwealth’s intention, it does not impact our decision of whether the acquittal of robbery at the first trial necessarily acted as an acquittal of the larceny of the bicycle.
*225 On March 26, 2001, ten days after Hudgins’s acquittal of robbery, the grand jury returned an indictment alleging that, “On or about Sunday, October 1, 2000,” Hudgins “did steal property having a value of five dollars ($5) or more from the person of [the victim], in violation of Code § 18.2-95.”
Hudgins moved to dismiss the indictment on grounds of former jeopardy because of his prior acquittal of robbery based on the same facts. In a memorandum in support of that motion, he conceded that this Court held in Graves, under an indictment charging robbery, that it was impermissible to instruct the jury that it could convict the accused of the offense of grand larceny from the person. Hudgins argued that in obtaining the second indictment, the Commonwealth impermissibly relied on the same theft from the same person as the basis for the subsequent indictment that had been the basis of the first indictment on which he was acquitted. The Commonwealth conceded in the trial court that, “the ‘same conduct’ by [Hudgins] resulted in the two indictments, one for Robbery of which he was acquitted, and one for Grand Larceny from the Person,” of which he was convicted.
Relying on Graves, the trial court denied the motion to dismiss the second indictment, holding that “[l]arceny from the person is not a lesser-included offense of robbery” and, therefore, is not a bar to a second prosecution after an acquittal of robbery. It also held that “while the act alleged— the theft of a bicycle—may be the same, robbery and larceny from the person are not identical offenses.”
After hearing evidence, the trial court convicted Hudgins of grand larceny from the person, and he noted this appeal.
II.
ANALYSIS
On appeal, Hudgins contends the trial court erroneously ruled that his prosecution and conviction for grand larceny from the person, after his previous acquittal for robbery arising out of the same theft, did not violate double jeopardy *226 principles. He argues that the offense of larceny from the person, the offense for which he was convicted, is a lesser-included offense of robbery, the offense for which he was acquitted, and that the subsequent prosecution for larceny from the person violated his protections against double jeopardy.
The double jeopardy protections of the Virginia and United States Constitutions provide that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” Commonwealth v. Washington, 263 Va. 298, 304, 559 S.E.2d 636, 638 (2002); see U.S. Const. amend V;[2] Va. Const. art. I § 8.[3] These protections prevent prosecution under successive indictments “when (1) the two offenses involved are identical, (2) the former offense is lesser-included in the subsequent offense; and (3) the subsequent offense is lesser-included in the former offense.” Martin v. Commonwealth, 221 Va. 720, 722, 273 S.E.2d 778, 780 (1981) (citing Roderick Cecil Jones v. Commonwealth, 218 Va. 757, 759, 240 S.E.2d 658, 660 (1978)); see Coleman v. Commonwealth, 261 Va. 196, 199, 539 S.E.2d 732, 733-34 (2001). Likewise, the double jeopardy protections prevent multiple punishments for the same offense in a single trial. Jordan v. Commonwealth, 2 Va.App. 590, 347 S.E.2d 152 (1986).
“It is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been acquitted of the crime charged.” Bullington v. Missouri, 451 U.S. 430, 437, 101 S.Ct. 1852, 1857, 68 L.Ed.2d 270 (1981).
An acquittal is accorded special weight. The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal, for the public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though the *227 acquittal was based upon an egregiously erroneous foundation. If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair. The law attaches particular significance to an acquittal.
United States v. DiFrancesco, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980) (citations omitted). Put simply, “the Fifth Amendment guarantee against double jeopardy ... surely protects a man who has been acquitted from having to ‘run the gantlet’ a second time.” Ashe v. Swenson, 397 U.S. 436, 445-46, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970) (citation omitted).
In Graves, which did not involve a double jeopardy challenge, this Court held that grand larceny from the person was not a lesser-included offense of robbery, at least under the specific language of the robbery indictment in that case. Graves, 21 Va.App. at 167, 462 S.E.2d at 905. This Court determined that because robbery and grand larceny from the person each had elements of proof that the other did not, grand larceny from the person could not be a lesser-included offense of robbery. Id. at 164, 462 S.E.2d at 903. The Court concluded, however, that petit larceny is a lesser-included offense of robbery. Id. at 167,462 S.E.2d at 905.
When Hudgins was acquitted of the robbery in which the bicycle was taken, he was necessarily acquitted of petit larceny of the same bicycle. Brown v. Ohio, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226-27, 53 L.Ed.2d 187 (1977); Myers v. Commonwealth, 148 Va. 725, 729-30, 138 S.E. 483, 484 (1927). The Commonwealth could not later, consistent with double jeopardy protections, prosecute him for larceny, whether grand or petit, of the same bicycle after he was acquitted of the petit larceny of the bicycle in the first trial. To hold otherwise would suggest that Hudgins could not be convicted of petit larceny, but could be convicted of the greater offense of grand larceny of the same bicycle.
The Commonwealth urges that our holding in Graves compels us to conclude that robbery and grand larceny from the *228 person are separate offenses under the “same elements” test and that the acquittal of Hudgins of robbery is not a bar to his subsequent prosecution of grand larceny from the person.
In determining whether one offense is the “same offense” as another offense for double jeopardy purposes, the Supreme Court developed the “Blockburger” or “same elements” test. This analysis concludes that an offense is not a lesser-ineluded offense in another offense if it contains an element of proof that the greater offense does not. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); see also Brown, 432 U.S. at 168, 97 S.Ct. at 2226-27. (holding that “[t]he greater offense is ... by definition the ‘same’ for purposes of double jeopardy as any lesser offense included in it” and, thus, a conviction for a lesser offense prevented a subsequent conviction for a greater offense). One crime is a lesser-ineluded offense of another crime if “every commission of the greater offense must also be a commission of the lesser offense.” Kauffmann v. Commonwealth, 8 Va.App. 400, 409, 382 S.E.2d 279, 283 (1989). Under the Blockburger analysis, a defendant may not be convicted of both a greater and lesser-ineluded offense because the lesserineluded offense “requires no proof beyond that which is required for conviction” of the greater offense. Brown, 432 U.S. at 168, 97 S.Ct. at 2226. In Brown, the United States Supreme Court also observed that “[i]t has long been understood that separate statutory crimes need not be identical ... in order to be the same within the meaning of the constitutional prohibition.” Id. at 164, 97 S.Ct. at 2225. Stated differently, the fact that an act or series of acts is prohibited under two or more distinct provisions of a criminal code does not in itself mean that the conduct constitutes separate offenses for double jeopardy purposes.
Virginia courts have applied the Blockburger analysis in cases where the accused has asserted that his double jeopardy protections were violated because he was convicted in a single trial for multiple offenses resulting from a single course of conduct. Coleman, 261 Va. at 200, 539 S.E.2d at 734 (holding *229 accused could not be convicted in a single trial both of attempted murder and malicious wounding for shooting a victim multiple times during a continuous course of conduct). In Coleman, the Court noted that, “[I]n the prosecution for two crimes in the same trial, the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act, and (b) the two punishments are either for the same crime or one punishment is for a crime which is a lesser included offense of the other.” Id. at 200, 539 S.E.2d at 734 (emphasis in original) (citing Brown, 432 U.S. at 169-70, 97 S.Ct. at 2227-28). The Court, in applying the Blockburger test in that setting, noted that “we look at the offenses charged in the abstract, without referring to the particular facts of the case under review.” Coleman, 261 Va. at 200, 539 S.E.2d at 734.
In other Virginia cases applying the Blockburger analysis, this Court has noted that “[t]he elements of the crimes, their ‘fundamental nature,’ are determinative, not ‘the particular facts of a specific case....’” Crump v. Commonwealth, 13 Va.App. 286, 290, 411 S.E.2d 238, 241 (1991) (quoting Taylor v. Commonwealth, 11 Va.App. 649, 652, 400 S.E.2d 794, 795 (1991)), quoted with approval in Graves, 21 Va.App. at 164-65, 462 S.E.2d at 903-04. “Neither the facts charged in the indictment nor those proved at trial determine whether an offense is a necessarily included offense; the determination, instead, is made by examining the elements of the crimes that must be proved in order to sustain a conviction.” Taylor, 11 Va.App. at 653, 400 S.E.2d at 796. We also said in Taylor that
A lesser included offense is necessarily charged by implication in an indictment for a greater offense and necessarily proven by the proof of the greater offense____A crime that is not a necessarily lesser included offense, on the other hand, is not charged by implication and is not necessarily proved by proof of the greater offense.
Id. at 652, 400 S.E.2d at 795.
However, we have also said that “[t]he test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is merely a rule of statutory construction to *230 determine legislative intent when it is not otherwise clear.” Hall v. Commonwealth, 14 Va.App. 892, 900, 421 S.E.2d 455, 461 (1992) (en banc).
The Supreme Court has decided that this test need not be applied when the intent of the legislature can be gleaned from a reading of the relevant statutes.... “Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature ... intended that each violation be a separate offense.”
Brown v. Commonwealth, 230 Va. 310, 313, 337 S.E.2d 711, 713 (1985) (quoting Garrett v. United States, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)); see also Missouri v. Hunter, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); Albemaz v. United States, 450 U.S. 333, 340, 101 S.Ct. 1137, 1142-43, 67 L.Ed.2d 275 (1981); Whalen v. United States, 445 U.S. 684, 691-92, 100 S.Ct. 1432, 1437-38, 63 L.Ed.2d 715 (1980). Moreover, the United States Supreme Court has not strictly applied Blockburger in every double jeopardy analysis involving multiple convictions for the same offense. See e.g. Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) (holding that, for double jeopardy purposes, the crime generally described as felony murder is not a separate offense distinct from its various elements, including the underlying felony); United States v. Dixon, 509 U.S. 688, 698, 113 S.Ct. 2849, 2857, 125 L.Ed.2d 556 (1993) (holding that contempt conviction was barred because drug possession offense, which violated a condition of defendant’s release, could not be abstracted from the “element” of the contempt offense). But see Carter v. United States, 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000) (holding that under 18 U.S.C. § 2113(b) “[wjhoever takes and carries away, with intent to steal or purloin, any ... thing of value exceeding $1,000 [from a] ... bank,” is not a lesser included of the federal bank robbery statute, 18 U.S.C. § 2113(a), “[wjhoever, by force and violence, or by intimidation, takes ---- any ... thing of value [from aj bank”).
*231 To determine whether grand larceny, and in particular larceny from the person, is a lesser-included offense of robbery under Virginia law, we must consider whether, definition-ally, all the elements of the former are included within the elements of robbery. Robbery, a common law crime in Virginia, is defined as a “taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.” Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 572-73 (1968). Larceny, also a common law crime in Virginia, is defined “as ‘the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.’ ” Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994); see Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945); Bright v. Commonwealth, 4 Va.App. 248, 251, 356 S.E.2d 443, 444 (1987). “At common law ... robbery was an aggravated form of larceny____Larceny was therefore a lesser included offense of robbery at common law.” Carter, 530 U.S. at 278, 120 S.Ct. at 2173-74 (Ginsberg, J., dissenting) (citing 4 William Blackstone, Commentaries *241 (robbery is “[o]pen and violent larciny [sic] from the person”); 2 E. East, Pleas of the Crown § 124, *707 (1803) (robbery is a species of “aggravated larceny”); 2 W. Russell & C. Greaves, Crimes and Misdemeanors *101 (“robbery is an aggravated species of larceny”)). “At common law simple larceny, whether grand or petit larceny, was” a felony, and the two crimes, according to Blackstone, were “considerably distinguished in their punishment, but not otherwise.” Rider v. Commonwealth, 57 Va. (16 Gratt.) 499, 503 (1860) (citing 4 Blackstone, supra, *229). “An offence would amount to grand larceny if the thing stolen were above the value of twelve pence, and it would be petit larceny if it was of that value or under.” Id.
Looking to the common law to define larceny from the person, this Court has previously concluded:
“Larciny [sic] from the person is either by privately stealing; or by open and violent assault, which is usually called *232 robbery.” ... At common law, larceny from the person differs from robbery in that larceny from the person lacks the requirement that the victim be put in fear.... Larceny from the person forms a middle ground in the common law between the “private” stealing most commonly associated with larceny, and the taking by force and violence commonly associated with robbery.
Garland v. Commonwealth, 18 Va.App. 706, 710, 446 S.E.2d 628, 630 (1994) (quoting State v. Buckom, 328 N.C. 313, 401 S.E.2d 362, 364-65 (1991) (citations omitted)); see 4 Blackstone, supra, *241. “Larceny from the person was first distinguished from simple larceny in the sixteenth century, ... when by an act of the English Parliament, larceny from the person was ‘debarred of the benefit of clergy.’ ” Garland, 18 Va.App. at 711, 446 S.E.2d at 631 (Benton, J., dissenting) (citing 5 William Blackstone, Commentaries *241 (St. George Tucker ed., 1803)). Blackstone noted in his commentaries that the benefit of the clergy was removed from the offense of larceny from the person, “early as by the statute 8 Elizabeth, c. 14.” 4 Blackstone, supra, *241.
Pursuant to Code § 1-11, “any statute or act of Parliament, made in aid of the common law prior to the fourth year of the reign of James the First, ... shall still be saved, insofar as the same are consistent with the Bill of Rights and Constitution of this Commonwealth and the Acts of Assembly.”[4]
Virginia’s jurisprudence is deeply rooted in the ancient precedents, procedures, and practices of the English system of justice. A substantial portion of “[t]he common law of England” and the “writs, remedial and judicial, given by any statute or act of Parliament, made in aid of the common law” has been legislatively incorporated in the law of this Commonwealth. Code §§ 1-10 and -11.
*233 Oehl v. Oehl, 221 Va. 618, 623, 272 S.E.2d 441, 444 (1980).[5] As in its codification of robbery, the General Assembly did not alter the common law definition of larceny. Darnell v. Commonwealth, 12 Va.App. 948, 957, 408 S.E.2d 540, 545 (1991) (citing Smith v. Cox, 435 F.2d 453, 457 (4th Cir.1970) (“Larceny is a common law crime, although it is regulated by statute.”)). While the General Assembly has not altered the common law elements of robbery and larceny, it has specified in statutory form the punishments for those crimes.[6] The statutory provisions enacted by the General Assembly “will not be held to change the common law unless the legislative intent to do so is plainly manifested.” Herndon v. St. Mary’s Hosp., Inc., 266 Va. 472, 476, 587 S.E.2d 567, 569 (2003); see Linhart v. Lawson, 261 Va. 30, 35, 540 S.E.2d 875, 877 (2001); *234 Boyd v. Commonwealth, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988); Acey v. Commonwealth, 29 Va.App. 240, 248, 511 S.E.2d 429, 432 (1999). A statutory change to the common law will be recognized only as is expressly stated in the words of the statute or as is necessarily implied by its language. Herndon, 266 Va. at 476, 587 S.E.2d at 569 (citing Mitchem v. Counts, 259 Va. 179, 186, 523 S.E.2d 246, 250 (2000); Boyd, 236 Va. at 349, 374 S.E.2d at 302).
As in robbery, larceny from the person involves the taking of personal property from the possession or presence of another.[7] In addition, Code §§ 18.2-95(i) and 18.2-96(1) do not separately define larceny from the person, but provide only that larceny from the person of $5 or more shall be punishable as grand larceny and that larceny from the person of less than $5 shall be punishable as petit larceny. It is the theft of the property that is the core of the crime, with the degree of the potential punishment being established by proof of the value of the property taken. The difference between robbery and larceny from the person is that robbery must involve a taking accompanied by, or accomplished through, the use of force, violence, or intimidation. Accordingly, larceny from the person, whether punishable as grand larceny under Code § 18.2-95(i) or petit larceny under Code § 18.2-96(1), includes all of the elements of robbery, except the taking by force or violence, under the common law definition.
Following the common law tradition, Virginia courts have considered larceny from the person to be a lesser-included offense of robbery regardless of the value of the property stolen. Saunders v. Commonwealth, 18 Va.App. 825, 827, 447 S.E.2d 526, 528 (1994) (affirming larceny from the person conviction where at trial “the robbery charge was reduced to the lesser included offense of larceny from the person of *235 property valued in excess of five dollars, Code § 18.2-95”); Broody v. Commonwealth, 16 Va.App. 281, 291, 429 S.E.2d 468, 474 (1993) (holding that, because reasonable minds could not disagree that the crime was one of robbery, trial court did not err in refusing to instruct on a lesser-included offense of larceny from the person).
Here, the Commonwealth argues that grand larceny from the person is not a lesser-included offense of robbery, thus permitting the second indictment. See Graves, 21 Va.App. at 163, 462 S.E.2d at 903. In Graves, the trial judge “struck the evidence as to [the] robbery ... [indictment, and ruled] that grand larceny from the person is a lesser offense included within a charge of robbery and permitted the case to go forward on a charge of grand larceny from the person.” Id. A panel of this Court reversed the conviction for grand larceny from the person and held that grand larceny from the person was not a lesser offense included within the robbery specification of the indictment, “[b]ecause the [robbery] indictment against Graves did not set forth allegations of value or of theft from the person, it did not charge grand larceny from the person.” Id. at 166, 462 S.E.2d at 904.
While the holding in Graves relied on the “guidance in Jones v. Commonwealth” to support its decision that grand larceny from the person is not a lesser-included offense of robbery, both Jones and other Virginia authority support the contrary conclusion—that grand larceny from the person is a lesser-included offense of robbery. See Martin, 221 Va. at 723,273 S.E.2d at 780-81; Jones, 218 Va. at 759, 240 S.E.2d at 660; Clayton Motors v. Commonwealth, 14 Va.App. 470, 472-73, 417 S.E.2d 314, 315-16 (1992).
The issue addressed in Graves was not whether a subsequent indictment for grand larceny from the person would violate the protections of the Double Jeopardy Clause after an acquittal of robbery. It did not address whether the accused could be convicted in a single trial of both larceny from the person and robbery based on the same criminal transaction. Graves was limited to whether the trial court correctly gave a *236 jury instruction on grand larceny from the person as a lesser-included offense for robbery under the indictment then before it.
The Supreme Court has “pointed out that one offense is not lesser-included within another unless all its elements are included in the other.” Martin, 221 Va. at 723, 273 S.E.2d at 780-81.
“[Tjheft is an essential component of robbery and charged as such in every robbery indictment.” Jones, 218 Va. at 759, 240 S.E.2d at 660. A robbery indictment, therefore, “includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery.” Id. at 760, 240 S.E.2d at 660; see also Martin, 221 Va. at 723, 273 S.E.2d at 780-81.
The larceny, however, must be based on the same theft as that which underlies the robbery. If not, the larceny and the robbery are based on “distinct and separate acts” and conviction of one does not bar conviction of the other. Martin, 221 Va. at 726, 273 S.E.2d at 782. Whether the robbery and the larceny are based on the same theft may be determined by comparing the two indictments. Jones, 218 Va. at 759-60, 240 S.E.2d at 660-61. However, this fact may not always be determined from the indictments, and it may be necessary to examine the evidence. Martin, 221 Va. at 725-26, 273 S.E.2d at 782.
Clayton Motors, 14 Va.App. at 472-73, 417 S.E.2d at 315-16.
In Clayton Motors, which the Graves decision did not discuss, the defendant entered a convenience store and asked the clerk for two $300 money orders. Clayton Motors, 14 Va.App. at 471, 417 S.E.2d at 315. When the clerk asked for payment, the defendant showed her a pistol in his waistband and ordered her to give him the money orders. Id. The defendant was charged and convicted of both robbery and of larceny of the money orders. Id. at 472, 417 S.E.2d at 315. We noted that “[w]here a defendant is charged with robbery and larceny based upon ‘distinct and separate acts’ which do *237 ‘not involve the same theft’ [of the same object] a defendant is not twice put in jeopardy for the same offense.” Id. (quoting Martin, 221 Va. at 726, 273 S.E.2d at 782); see also Jones, 218 Va. at 761, 240 S.E.2d at 661. Where the robbery and the larceny are based upon the theft of the same item, “proof of the larceny is necessarily included in proving the robbery.” Clayton Motors, 14 Va.App. at 472, 417 S.E.2d at 315 (citing Martin, 221 Va. at 723, 273 S.E.2d at 780-81). Accordingly, this Court held that because the defendant was convicted of both the robbery and the theft of the same money orders, punishing for both offenses violated double jeopardy. Id. at 473, 417 S.E.2d at 316. Likewise, convicting a person of robbery of a bicycle and the theft of the same bicycle as part of the same transaction would violate double jeopardy. See Graves, 21 Va.App. at 167, 462 S.E.2d at 905 (concluding simple larceny is a lesser-included offense under the robbery indictment in that case).
Martin and Jones differ from the present case in that each of those defendants was convicted of two distinct and separate thefts. In Martin, the defendant robbed a service station attendant at gunpoint of the money in his pockets and also of the money kept inside the service station. Martin, 221 Va. at 722, 273 S.E.2d at 779. He was indicted for both robbery and grand larceny and convicted of robbery and the lesser-included offense of petit larceny. Id. at 722, 273 S.E.2d at 780. He was convicted of petit larceny rather than grand larceny because the Commonwealth failed to prove the value of the money stolen from the service station. Id. at 722, 273 S.E.2d at 779-80.
In Jones, the defendant threatened the clerk of a motel with a pistol, forcing the clerk to give him the money from the cash drawer and the keys to the motel’s courtesy car parked outside. Jones, 218 Va. at 758, 240 S.E.2d at 660. He was indicted and convicted of robbery, in violation of Code § 18.2-59, and grand larceny of the automobile, in violation of Code § 18.2-95. Id
*238 Because the defendant in Martin stole both the attendant’s money and the service station’s money and, in Jones, the defendant stole both the motel’s money and the motel’s car outside, each was convicted of both robbery and larceny on the basis of “distinct and separate acts,” which “did not involve the same theft.” Martin, 221 Va. at 726, 273 S.E.2d at 782; see Jones, 218 Va. at 761, 240 S.E.2d at 661. Recognizing that a separate robbery and a separate grand larceny could occur during the same series of events, the Supreme Court found that, when considering the “lesser-included” inquiry for double jeopardy purposes, the language of the charges found in the indictments controls and that “grand larceny is a lesser-included offense of robbery only when it is the theft expressly charged in the robbery indictment.” Jones, 218 Va. at 759, 240 S.E.2d at 660; see also Graves, 21 Va.App. at 169, 462 S.E.2d at 905-06 (Coleman, J., dissenting). Significantly, the Court in Jones, went on to state,
Deftnitionally, theft is an essential component of robbery and charged as such in every robbery indictment. Manifestly, a robbery indictment includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery.
Jones, 218 Va. at 759-60, 240 S.E.2d at 660. “Thus, the considerations involved in determining whether offenses are the same or lesser-included ‘as charged in an indictment’ for double jeopardy purposes are quite different from those involved in deternuning whether the elements of offenses are the same for purposes of convicting an accused of a lesser-included offense.” Graves, 21 Va.App. at 169, 462 S.E.2d at 905-06 (Coleman, J., dissenting).
Here, Hudgins was charged initially with robbery for stealing a bicycle from an eleven-year-old victim. In acquitting Hudgins of that robbery, the trial court noted its belief that the evidence was sufficient to convict him of larceny from the person, indicating that it found that the larceny of the bicycle occurred. It did not, however, convict Hudgins of any larceny offense, thereby acquitting him of any larceny offense *239 that was a part of the robbery charge. With Hudgins having been acquitted by the trial court of the larceny of the bicycle, the Commonwealth was thereafter barred by the Double Jeopardy Clause from requiring him to stand trial anew for stealing the same bicycle from the same person in the same criminal act that was the basis of the robbery trial. Clayton Motors, 14 Va.App. at 472, 417 S.E.2d at 315.
In Graves, the majority relied on common law definitions of robbery and larceny from the person to determine whether grand larceny from the person was a lesser-included offense of robbery charged in the indictment. It focused its analysis not on whether all larceny is a lesser-included offense of robbery, but on whether the particular charging document sufficiently alleged a value that would support a conviction of grand larceny or grand larceny from the person. It concluded that the indictment before it charging robbery did not charge grand larceny from the person.
Relying on our holding in Garland, the majority in Graves concluded that the “from the person” element of larceny was different than the “in his presence” taking element of robbery. Thus, we hold that larceny from the person embraces not only theft of property from physical contact with the victim, but also theft of property that is in the victim’s possession and within his immediate custody and control.
Graves, 21 Va.App. at 166-67, 462 S.E.2d at 904 (citing Garland, 18 Va.App. at 710, 446 S.E.2d at 630). The Graves majority went on to say that because the perimeter for larceny “from the person” is more restrictive than the “in his presence” perimeter sufficient for robbery, proof that the theft was “in his presence” as required for robbery will not necessarily prove the “from the person” element of grand larceny from the person. Graves, 21 Va.App. at 166, 462 S.E.2d at 904. We disagree.
In Garland, we said “larceny from the person embraces not only theft of property from physical contact with the victim, but also theft of property that is in the victim’s possession and within his immediate custody and control.” *240 Garland, 18 Va.App. at 710, 446 S.E.2d at 630. In Graves, the defendant snatched a $20 bill from a customer in a diner. Graves, 21 Va.App. at 163, 462 S.E.2d at 903. In Garland, the defendant was within two feet of the victim, reached over a countertop and took money out of an open cash drawer. Garland 18 Va.App. at 707, 446 S.E.2d at 629. In upholding the conviction of larceny from the person, we held in Garland that:
At common law property was stolen “from the person” of another even if it was only “in the presence” of the person at the time it was stolen.... “Property is stolen ‘from the person’ if it was under the protection of the person ... although not actually ‘attached’ to him.... As said by Coke in the 1600’s: ‘for that which is taken in his presence, is in law taken from his person.’ ”
Id. at 709, 446 S.E.2d at 630 (citation omitted); quoted with approval in Graves, 21 Va.App. at 171, 462 S.E.2d at 907 (Coleman, J., dissenting). We hold that larceny from the person, whether grand or petit, is a lesser-included offense of robbery,[8] and to the extent that Graves is inconsistent with this holding, we overrule Graves.
When Hudgins was first tried and acquitted on March 16, 2001 of robbery involving the bicycle, the trial court indicated that the evidence was sufficient to support a conviction of larceny. When it failed to convict, however, the trial court’s general verdict of acquittal necessarily acquitted Hudgins of the lesser-included offense of larceny of the bicycle. The trial court’s indication in the first proceeding that it believed the evidence was insufficient to prove robbery but sufficient to prove larceny from the person does not support a different result. Jeopardy having attached, and there being an acquittal of larceny of that bicycle, Hudgins could not thereafter be forced to stand trial for that same offense.
*241 A verdict of acquittal on the issue of guilt or innocence is, of course, absolutely final____
“The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.”
Bullington, 451 U.S. at 445, 101 S.Ct. at 1861 (quoting Green v. United States, 355 U.S. 184, 187-88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)). The “law attaches particular significance to an acquittal.” United States v. Scott, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978).
“The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units.” Brown, 432 U.S. at 169, 97 S.Ct. at 2227. Indeed, the policy behind the Double Jeopardy Clause “protects the accused from attempts to relitigate the facts underlying a prior acquittal.” Id. at 165, 97 S.Ct. at 2225. “For whatever else [the Fifth Amendment guarantee against double jeopardy] may embrace, it surely protects a man who has been acquitted from having to ‘run the gantlet’ a second time.” Ashe, 397 U.S. at 445-46, 90 S.Ct. at 1195 (citation omitted).
For these reasons, we reverse Hudgins’s conviction for grand larceny from the person. To the extent that our holding in Graves that larceny from the person is not a lesser-included offense of robbery is inconsistent with this opinion, it is overruled. The trial court erred in denying Hudgins’s motion to dismiss the indictment as violative of the Double Jeopardy Clause of the Virginia and United States Constitutions. We reverse and dismiss his conviction.

Reversed and dismissed.

. We conclude that collateral estoppel does not apply to this case. Hudgins never raised collateral estoppel before the trial court, in his petition for appeal, or in his brief or oral argument before the panel. During oral argument before the en banc Court, Hudgins expressly conceded that collateral estoppel did not apply in this case. Concessions of law do not bind us, of course, but in this instance we agree with Hudgins. Tuggle v. Commonwealth, 230 Va. 99, 111 n. 5, 334 S.E.2d 838, 846 n. 5 (1985). To determine whether collateral estoppel applies, we must ask, "whether a rational [trier of fact] could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.” Ashe v. Swenson, 397 U.S. 436, 443-44, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (emphasis added). As the colloquy between counsel and the trial judge confirms, a rational trier of fact could have (and in this case did) ground the robbery acquittal on the lack of violence and intimidation. "The burden is 'on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.' " Schiro v. Farley, 510 U.S. 222, 233, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (quoting Dowling v. United States, 493 U.S. 342, 347, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)).

. “No person ... shall ... be subject for the same offense to be twice put in jeopardy of life or limb....” U.S. Const, amend. V.

. "That in criminal prosecutions a man ... shall not ... be put twice in jeopardy for the same offense.” Va. Const, art. I § 8.

. The "fourth year of the reign of James the First” was 1607, the date of the founding of Jamestown. James the IV of Scotland ascended to the throne of England as James I in 1603. See Foster v. Commonwealth, 96 Va. 306, 309, 31 S.E. 503, 504 (1898).

. Code § 1-10 states:
The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly.
Code § 1-11 states:
The right and benefit of all writs, remedial and judicial, given by any statute or act of Parliament, made in aid of the common law prior to the fourth year of the reign of James the First, of a general nature, not local to England, shall still be saved, insofar as the same are consistent with the Bill of Rights and Constitution of this Commonwealth and the Acts of Assembly.

. Code§ 18.2-95 provides:
Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm’s value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.
Code § 18.2-96 provides:
Any person who (1) Commits larceny from the person of another of money or other thing of value of less than $5, or (2) Commits simple larceny not from the person of another of goods and chattels of the value of less than $200, except as provided in subdivision (iii) of § 18.2-95, shall be deemed guilty of petit larceny, which shall be punishable as a Class 1 misdemeanor.

. At common law, there was no distinction between grand and petit larceny except in the punishment, which was death in the one case and whipping in the other, which by statute was extended to transportation of the guilty for seven years to the colonies. Bell v. Commonwealth, 167 Va. 526, 531, 189 S.E. 441, 444 (1937) (citing 4 George 1, c. 11 (Eng.); 4 Blackstone, Commentaries *229, 238).

. We note that whether the property was “in [the victim’s] immediate possession and control” is a factual question, the answer to which will vary from case to case.