COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Kelsey and Senior Judge Overton
Argued at Salem, Virginia


DAVID GEORGE WHEELER

MEMORANDUM OPINION[*] BY
v.        Record No. 0860-03-3          JUDGE D. ARTHUR KELSEY
                                        SEPTEMBER 28, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
James Howe Brown, Jr., Judge Designate

Randall J. Trost (Randall J. Trost, P.C., on briefs), for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General; Margaret W. Reed, Assistant Attorney
General, on brief), for appellee.


Claiming the evidence at trial was insufficient to prove him guilty of petit larceny, David

George Wheeler appeals.  Finding the evidence sufficient, we affirm.


I.


We review the evidence in the "light most favorable" to the Commonwealth, the prevailing

party in the trial court.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786, cert.

denied, 124 S. Ct. 444 (2003).  "On appeal this Court must 'discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the

Commonwealth and *all fair inferences to be drawn therefrom.*'"  Parks v. Commonwealth, 221 Va.

492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82

S.E.2d 603, 606 (1954)) (emphasis added by Parks).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Around 12:30 a.m. on the morning of March 3, 2002, John Douglas, the owner of the An Claddagh Irish Pub in Altavista, noticed David Wheeler sleeping at one of the tables. Wheeler had been at the pub drinking and listening to music for about six hours. Douglas approached Wheeler, awoke him, presented him with a $30 bill for payment, and asked him to pay the bill and to then leave. Wheeler ignored him. Douglas continued to ask Wheeler about fifteen times to pay his bill.

After finding only eight dollars in his pockets, Wheeler eventually provided his credit card to Douglas's wife to pay the bar tab. The computer declined the card. Douglas's wife returned the card and again asked Wheeler to pay. Wheeler tried to borrow money from another customer whom he did not know. Wheeler then turned toward the back of the pub, began heading toward the bathroom, and was told by Douglas's wife "if you don't pay your tab, I'll call the police." "Fuck you," Wheeler responded. "Call the fucking police."

Douglas and his wife were both "adamant" about getting the bill paid because Wheeler had done this before (drinking more than he could pay for and then producing an invalid credit card), leaving them with an unpaid tab for five months. Even before that, Wheeler had been barred from the pub twice. Given Wheeler's history of ordering more alcohol than he could pay for, Douglas called the police.

Two officers promptly arrived and waited for Wheeler to exit the bathroom. When he came out, the officers questioned him about his refusal to pay his bar tab. Wheeler responded silently with an "aggressive" stare directly into the officer's face. Then, when asked for his identification, Wheeler struck one of the officers in the mouth. The officers wrestled Wheeler to the ground, handcuffed him, and placed him under arrest. Wheeler continued to curse and physically resist the officers.

Charged with assault and battery of a law enforcement officer, obstruction of justice, and petit larceny, Wheeler pled not guilty and waived his right to trial by jury. At his bench trial, Wheeler admitted knowing that he "only had a few bucks, maybe ten dollars" on him while at the pub. But relying on prior "arrangements," Wheeler claimed, he had an understanding with Douglas to pay the deficiency at some later date. When asked whether this claim was true, Douglas replied: "No, absolutely not." Wheeler also denied that he had previously walked out on a bar tab after offering up an invalid credit card. "He may be thinking about another one of his patrons," Wheeler explained.

Determining that Wheeler's "story isn't true," the trial judge found him guilty of assault and battery of a law enforcement officer in violation of Code § 18.2-57, obstruction of justice in violation of Code § 18.2-460, and petit larceny in violation of Code § 18.2-96. We granted an appeal only on Wheeler's challenge to his petit larceny conviction.

II.

When addressing a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Code § 8.01-680. Under this standard, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original); see also Seaton v. Commonwealth, 42 Va. App. 739, 747-48, 595 S.E.2d 9, 13 (2004); Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003).

Code § 18.2-96 defines petit larceny as "simple larceny not from the person of another of goods and chattels of the value of less than $200." Simple larceny involves a "wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his

assent, and with the intention to deprive the owner thereof permanently." Hudgins v. Commonwealth, 43 Va. App. 219, 231, 597 S.E.2d 221, 226 (2004) (*en banc*) (citation omitted). Often impossible to establish with direct evidence, intent may instead be shown by circumstantial evidence. See Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004); McCary v. Commonwealth, 42 Va. App. 119, 126-27, 590 S.E.2d 110, 114 (2003).

Not paying a bar tab is not, by itself, stealing. But ordering drinks *knowing* that one cannot or will not pay is. See generally 3 Wayne R. LaFave, Substantive Criminal Law § 19.5(c), at 93 (2d ed. 2003) (observing that the "intent to pay for the property taken . . . is never a good defense unless there is a substantial ability to do so"). The circumstances of this case support the factfinder's conclusion that Wheeler ordered $30 worth of drinks knowing that he had only "a few bucks, maybe ten dollars" and an invalid credit card to pay for them. He had done exactly this before and had been barred twice from the bar.[1] Wheeler's claim of having an understanding with the proprietor (allowing Wheeler to drink as much as he wished so long as he paid at some later date) was directly refuted by the testimony of the proprietor. The trial judge, therefore, had ample grounds to dismiss Wheeler's claim either as a convenient memory clouded by intoxication or as an outright "effort at 'lying to conceal his guilt.'" Dugger v. Commonwealth, 40 Va. App. 586, 594 n.2, 580 S.E.2d 477, 481 n.2 (2003) (citation omitted). The inculpatory inference is strengthened by Wheeler's verbal abuse of the proprietor's wife and his later assault on the police officer — hardly the response of an innocent patron attempting to cope with a simple misunderstanding over a bar tab.

---

[1] Wheeler did not object at trial to Douglas's testimony about his prior dealings with Wheeler. At oral argument on appeal, Wheeler likewise agreed that "the patron's past relationship with the proprietor is relevant to inform the factfinder on intent."

III.

Because sufficient evidence supports the trial court's decision that Wheeler committed petit larceny, we affirm his conviction.

Affirmed.