COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Haley
Argued at Salem, Virginia


CHARLES EDWARD VIARS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 3117-03-3                  JUDGE JAMES W. HALEY, JR.
                                                     APRIL 12, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Charles Edward Viars appeals his convictions for animate object sexual penetration, in

violation of Code § 18.2-67.2, and aggravated sexual battery, in violation of Code § 18.2-67.3.

Appellant contends the trial court violated his Fifth Amendment right against double jeopardy by

imposing multiple punishments for a single criminal act. Finding that aggravated sexual battery is

not a lesser-included offense of object sexual penetration, we affirm the judgment of the trial court.

BACKGROUND

The facts, as presented on appeal, are not in dispute. Appellant was supervising A.H., a

child under the age of thirteen, and her sister. A.H.'s sister went outside to play, and appellant was

left alone with A.H. Appellant pushed A.H. to the bed, pinned her with one hand, pulled down her

pants with the other hand, and penetrated A.H.'s vagina with his finger one time. A.H. told

appellant to stop, and he released her. Appellant arose and stated, "Maybe when you're older."

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ANALYSIS

In the prosecution for two crimes in the same trial, the double jeopardy defense does not apply unless (a) the defendant is twice punished for one criminal act *and* (b) the two punishments are either for the same crime or one punishment is for a crime which is a lesser included offense of the other.

Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001) (citation omitted).

Appellant was convicted of object sexual penetration and aggravated sexual battery in a single trial arising out of one physical touching. Appellant argues that the commission of an act constituting object sexual penetration always encompasses an act of aggravated sexual battery.

Since the two convictions . . . occurred in the same trial, we must decide whether the trial court exceeded "its legislative authorization by imposing multiple punishments for the same offense." When "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each [offense charged] requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review.

Id. (citations omitted).

Code § 18.2-67.2, in pertinent part, states

An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness who is not his or her spouse with any object, other than for a bona fide medical purpose . . . and . . . the complaining witness is less than thirteen years of age . . . .

Code § 18.2-67.3, in pertinent part, states: "An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness and . . . the complaining witness is less than 13 years of age . . . ." Code § 18.2-67.10 defines "sexual abuse" as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the

complaining witness's intimate parts or material directly covering intimate parts." "Intimate parts" is defined as "genitalia, anus, groin, breast, or buttocks of any person." Id.

Appellant contends every act of object sexual penetration will also be an act of aggravated sexual battery; i.e., aggravated sexual battery is a lesser-included offense of object sexual penetration. "The elements of the greater offense as charged must be examined in relation to the purported lesser offense, and where every commission of the greater offense is also a commission of the lesser offense, a lesser offense may be deemed to exist." Sanchez v. Commonwealth, 32 Va. App. 238, 241, 527 S.E.2d 461, 463 (2000) (citation omitted). "A lesser-included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffman v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 284 (1989) (citation omitted). "[A]n offense is not a lesser-included offense in another offense if it contains an element of proof that the greater offense does not." Hudgins v. Commonwealth, 43 Va. App. 219, 228, 597 S.E.2d 221, 225 (2004) (*en banc*) (citation omitted). While object sexual penetration and aggravated sexual battery have some elements in common, not every commission of object sexual penetration is a commission of aggravated sexual battery. Object penetration does not require proof of an "intent to sexually molest, arouse, or gratify any person" as required for conviction of aggravated sexual battery. Aggravated sexual battery is not composed entirely of elements that are also elements of object sexual penetration. Kauffman, 8 Va. App. at 409, 383 S.E.2d at 284. Aggravated sexual battery has an additional element that object sexual penetration does not and, therefore, it cannot be a lesser-included offense of object sexual penetration. See id.; Hudgins, 43 Va. App. at 228, 597 S.E.2d at 225.

Appellant asserts that the intent to sexually molest, arouse, or gratify is inherent in the act of object sexual penetration, as indeed the Commonwealth argued at trial. Despite the Commonwealth's argument at trial, this Court must look to the elements of the offenses in the

abstract.  Use of the term "sexual" in naming the offense of object sexual penetration does not of itself imply sexual intent.  The offense is only committed when there is penetration of the named *sexual* parts, the labia majora or the anus.  Thus, a plain reading of the statute establishes that the Code merely requires proof of penetration of a named *sexual* part, not proof of lascivious intent.  Conceivably, an accused could penetrate a victim's sexual parts with an animate or inanimate object without sexual intent, but rather with intent to physically harm, torture, or otherwise disrespect and violate the victim.  Such an offensive touching would be abhorrent and criminal under Code § 18.2-67.2, without proof of a prurient intent, and would not violate Code § 18.2-67.3, which requires such intent.

Therefore, viewed in the abstract, aggravated sexual battery is not a lesser-included offense of object sexual penetration.  The two crimes are distinguished by the necessary proof of an intent to sexually molest, arouse, or gratify for the conviction of aggravated sexual battery and no specific intent required for the conviction of object sexual penetration.  This Court does not infer the element of sexual intent from a plain reading of Code § 18.2-67.2.  Thus, it is apparent that the trial court had authority to convict appellant of both offenses because his single act was a violation of two distinct statutory crimes as defined by the legislature.

Accordingly, the trial court did not violate appellant's Fifth Amendment right against double jeopardy and the judgment of the trial court is affirmed.

<u>Affirmed.</u>

Benton, J., concurring.

In part, the Commonwealth argues on appeal that Code § 18.2-67.3 is not a lesser-included offense of Code § 18.2-67.2 because the former requires proof of sexual intent and the latter does not. I disagree. The conduct proscribed by Code § 18.2-67.2 is by statutory description an act indicative of sexual intent. The statute expressly provides that the accused is guilty of "sexual penetration" if the accused "penetrates the labia majora or anus" of another. Code § 18.2-67.2. Therefore, I would hold that this conduct includes the offense of "sexual battery" as proscribed by Code § 18.2-67.3, where a person is "guilty of aggravated sexual battery if he . . . sexually abuses the complaining witness." "Sexual abuse" is statutorily defined to include "an act committed with the intent to sexually molest . . . any person" by "intentionally touch[ing] the complaining witness's intimate parts." Code § 18.2-67.10(6).

Indeed, the prosecutor argued at trial this precise point. In seeking a conviction, the prosecutor argued that the act of penetration was an act that signifies sexual intent.

> As far as the sexual intent, Judge, that can be implied. It can be implied. If somebody takes a finger and sticks it inside of a female vagina, it can be that there was sexual intent there. Obviously, you can show intent through circumstantial evidence. That's a perfect example of just that. Obviously, we can't get inside the Defendant's head, but him sticking his finger inside her vagina, I think that that shows intent. We'd ask you to overrule the Motions to Strike.

Thus, I would reject the Commonwealth's newly fashioned argument on appeal that "object sexual penetration" does not raise an inference of sexual intent.

I concur, however, in affirming the convictions because, as I have noted before, see Logan v. Commonwealth, 43 Va. App. 504, 508-10, 600 S.E.2d 133, 135-36 (2004) (Benton, J., concurring), the Supreme Court of Virginia's decision in Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001), requires that, when we apply the Blockburger rule, we must look at "the use of the disjunctive 'or' in the statute" as creating hypothetical alternatives

within one statute, 261 Va. at 200, 539 S.E.2d at 734, rather than the actuality of distinct statutes with each having one of the disjunctive elements. In my opinion, the <u>Coleman</u> application of the <u>Blockburger</u> rule appears to be at odds with the reasoning in <u>Whalen v. United States</u>, 445 U.S. 684, 694 (1980) (rejecting the government's argument that "felony murder and rape are not the 'same' offense under <u>Blockburger</u>, since the former offense does not in all cases require proof of a rape"). Indeed, "the teaching of <u>Whalen</u>" clearly is that "the construction of the statute should be in terms of the actuality and not in terms of hypothetical but not genuine possibilities." <u>United States v. Barrington</u>, 662 F.2d 1046, 1052 (4th Cir. 1981).

In addition, Viars concedes that his attorney made no argument at trial concerning statutory double jeopardy under Code § 19.2-294 and further concedes that, in any event, <u>Hall v. Commonwealth</u>, 14 Va. App. 892, 421 S.E.2d 455 (1992) (*en banc*), is dispositive of his statutory claim.